**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

| | |
|---|---|
| IN RE:<br><br>TAMMI S. TERRELL<br><br><br>Debtor. | CASE NO.  25-50490-KMS<br>CHAPTER 13 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW, Navy Federal Credit Union ("NFCU"), by and through counsel, pursuant to 11 U.S.C. § 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and respectfully states as follows:

1.      On April 4, 2025, Tammi S. Terrell ("Debtor") commenced the above-captioned bankruptcy case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

2.      NFCU is a secured creditor of the Debtor pursuant to an ePromissory Note, Security Agreement, and Disclosure ("Contract") dated December 20, 2022 in connection with the purchase and financing of a 2023 Kia Sportage, VIN: 5XYK33AF6PG078887 ("Collateral"). A true and correct copy of the Contract is attached hereto and incorporated herein.

3.      NFCU holds a validly perfected, first priority purchase-money security interest in the Collateral as noted on the Certificate of Title for the Collateral issued by the State of Mississippi.  A true and correct copy of the Certificate of Title is attached hereto and incorporated herein.

4.      On May 31, 2025, NFCU timely filed its secured Proof of Claim in the amount of $37,119.90.

5.      The Debtor's confirmed Chapter 13 Plan provided for NFCU's secured claim to be paid in its full amount of $37,119.90, together with 10.0% interest, through the Plan.  At the

time of this Motion, the remaining principal balance due on NFCU's secured claim through the Plan is $28,724.38.

6.      The J.D. Power average retail value of the Collateral is $24,223.00.  A true and correct copy of the J.D. Power Value Report for the Collateral is attached hereto and incorporated herein.

7.      The Collateral has been involved in an accident and declared a total loss by The Progressive Group of Insurance Companies.  On information and belief, there are insurance proceeds in the amount of $20,611.15 available to NFCU as first lienholder and loss payee.

8.      NFCU seeks relief from the automatic stay to receive and accept insurance proceeds directly, apply the insurance proceeds to its claim, negotiate and transfer title to the remaining salvage of the Collateral, and file an amended proof of claim upon application of the insurance proceeds.

9.      Pursuant to 11 U.S.C. § 362(d)(1), sufficient cause exists to terminate the automatic stay as to NFCU, the Collateral and the proceeds thereof, due to lack of adequate protection.

10.      Pursuant to 11 U.S.C. § 362(d)(2), sufficient cause exists to terminate the automatic stay as to NFCU, the Collateral and the proceeds thereof, as there is no equity in the Collateral and it is not necessary for the Debtor's effective reorganization.

WHEREFORE, the above premises considered, NFCU prays that:

a.      The Automatic Stay be terminated so that NFCU may proceed with enforcement of its security interest in the Collateral, and pursue any and all other remedies available under state and/or federal law that are not inconsistent with Title 11 of the United States Code, including, and not limited to, receiving and accepting insurance proceeds directly, applying the insurance proceeds to its claim, negotiating and transferring title to the remaining salvage of the Collateral, and filing an amended proof of claim upon application of the insurance proceeds;

b.      The provisions of Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure be waived.

c.     NFCU be granted other and further relief to which it may be entitled.

Respectfully submitted,


/s/ Jacob Zweig
Jacob Zweig (104725)
Evans Petree PC
Attorney for NFCU
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 271-0726
jzweig@evanspetree.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of June, 2026, a copy of the foregoing electronically filed Motion for Relief from Automatic Stay was served on the parties listed below by first-class mail, postage-prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Thomas Carl Rollins, Jr.
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS  39236

Tammi S. Terrell
212 Shady School Rd
Laurel, MS  39443

David Rawlings
Chapter 13 Trustee
P.O. Box 566
Hattiesburg, MS  39403


/s/ Jacob Zweig
Jacob Zweig (104725)
Evans Petree PC
Attorney for NFCU